UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2010 MAY 28 P 3: 18

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

**Billy Gray,**
    Plaintiff,

v.                                      )     Civil Action No.: 2:10-cv-482
                                          )     **Plaintiff Demands Jury Trial**

**First Premier Bank,** a foreign
company, **Trans Union, LLC,** a foreign
limited liability company,
    Defendants.

## COMPLAINT

**COMES NOW** the Plaintiff, by and through undersigned counsel, and would show unto this Honorable Court as follows:

### PRELIMINARY STATEMENT

1. This Complaint seeks actual, compensatory, statutory and/or punitive damages, brought by an individual consumer (hereinafter referred to as "Plaintiff") against Defendants, jointly and severally, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter referred to as "the FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as "the FCRA"), and other federal and state common law causes of action.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Defendants' violations of Plaintiff's rights, as alleged herein, occurred in Montgomery County, Alabama, and were committed within the Northern Division of the Middle District of Alabama.

## PARTIES

3. Plaintiff Billy Gray (hereinafter referred to as "Plaintiff") is a natural person and resident and citizen of Elmore County, the State of Alabama, and of the United States. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ala. Code 1975, § 8-19-3(2).

4. Defendant First Premier Bank (hereinafter referred to as "FPB" or "Defendant") is a foreign corporation that regularly furnishes information on consumers to consumer reporting agencies.

5. Defendant Trans Union, LLC (hereinafter referred to as "Trans Union" or "Defendant") is a foreign limited liability company licensed to do business within the state of Alabama. Trans Union is a consumer reporting agency, as defined in section 1681a(f) of the FRCA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTS

**FPB:**

6. Plaintiff reincorporates by reference herein paragraphs one (1) through eight (5).

7. In 2009, Plaintiff filed for Chapter 7 debt relief under Title 11 of the United States Bankruptcy Code and was discharged on June 15, 2009.[1]

8. Defendant FPB was involved in the Plaintiff's Chapter 7 Bankruptcy. Specifically,
    a. FPB was listed on the Schedule F for creditors holding unsecured claims in the amount of $461.00. This debt was discharged through the Bankruptcy. FPB received notice of the discharge through the BNC.

---

[1] United States Bankruptcy Court for the Middle District of Alabama, Case No.: 09-30422.

9. Notwithstanding the aforesaid, Defendant FPB reported Plaintiff's accounts to one of the national consumer reporting agencies (hereinafter referred to as "CRAs") as having current balances due and payable, rather than reflecting that such were discharged in bankruptcy. Specifically:
    a. FPB reported to Trans Union that Plaintiff has an outstanding balance with, and remains personally liable to, FPB for the amount of $461.00 under the account ending in 8920. More specifically, FPB reports this debt as "charged off as bad debt," in the Trade Lines section of the Trans Union credit report. FPB last reported the debt on December 31, 2008.
10. Defendant FPB obtained knowledge of Plaintiff's discharge on at least two separate occasions, i.e. receipt of the BNC Certificate of Service – Meeting of Creditors and the BNC Certificate of Service – Order of Discharge.
11. Defendant has intentionally, willfully and maliciously failed to implement reasonable procedures to insure that Plaintiff's accounts are reported as having "0" balances as contemplated by the Fair Credit Reporting Act and Ordered by Plaintiff's bankruptcy discharge.
12. Notwithstanding that Defendant properly update numerous accounts each month they have intentionally, maliciously and willfully refused to do so with Plaintiff. More specifically, Defendants have a policy to refuse to properly update credit files of consumers who have obtained debt relief through the U.S. Bankruptcy Code.
13. Defendant has intentionally reported inaccurate information in an effort to force or coerce the Plaintiff into paying a debt that has been discharged in bankruptcy.

14. Defendant has promised, through its subscriber agreements or contracts with the CRAs to update accounts that have been discharged in bankruptcy but have willfully, maliciously, recklessly, wantonly and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, ADTPA, federal law and state law which has resulted in this information remaining on Plaintiff's credit reports.

15. Defendant knows that reporting these balances will lead to the publication of false and defamatory information every time Plaintiff's credit reports are accessed. Because Plaintiff's credit reports have been accessed since the discharge, such false information has been published to third parties.

16. All actions taken by employees, agents, servants, or representatives of any type for Defendant were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

17. Defendant's actions – engaging in a pattern and practice of wrongful and unlawful behavior, i.e. attempting to collect upon discharged debts – were malicious, wanton, reckless, intentional or willful, and performed with the desire to harm Plaintiff, with the knowledge that its actions would very likely harm Plaintiff, and that its actions were taken in violation of the law.

18. The actions, omissions, misrepresentations, and violations of the FCRA, FDCPA, federal law, and state law of Defendants, regarding Plaintiff's discharged debts, as described herein, has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation of which Plaintiffs will in the future continue to suffer.

19. The Plaintiff has suffered damages including, but not limited to, the loss of credit, the loss of the ability to purchase and benefit from credit, mental suffering, and emotional pain as a result of Defendant's publication of this adverse credit information.

**Defendant Trans Union:**

20. Defendant has failed to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information it publishes and continues to publish, in consumer credit reports in violation of 15 U.S.C. §1681(e)(b).

21. Indisputably, based upon sheer volume of factually identical actions, Defendant should reasonably be aware of the inadequacy of its procedures and implement policies to improve the accuracy of the information it publishes.  The FTC's Official Staff Commentary § 603 item B states that "[a] consumer reporting agency must also adopt reasonable procedures to eliminate systematic errors that it knows about, or should reasonably be aware of, result from procedures followed by its sources of information."

22. Defendant's intentional, reckless, and willful violations of the FCRA, federal law and state law has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff proximately causing Plaintiff to suffer severe emotional distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer.

**COUNT ONE
ALL DEFENDANTS
VIOLATIONS OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681, *et seq.***

23. Plaintiff incorporates by reference herein paragraphs one (1) through twenty-eight (28).

24. In the entire course of their actions, Defendants willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

   a. By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports as required by 15 U.S.C. § 1681(e)(b);

   b. By willfully and/or negligently failing to comport with reinvestigation procedures listed within 15 U.S.C. § 1681i;

   c. By willfully and/or negligently failing to fulfill their duties as listed within section 15 U.S.C. § 1681s-2, *i.e.* reporting information with actual knowledge of errors, reporting information after notice and confirmation of errors, failing to update and/or correct previously reported information determined to be inaccurate or incomplete, failing to provide notice of dispute, and failing to provide notice of closed account;

   d. Invading the privacy of Plaintiff; and

   e. Failing in their duty to prevent foreseeable injury to Plaintiff.

25. The FTC's Official Staff Commentary § 607 item 6 states that "a consumer report may include an account that was discharge in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt." Notwithstanding that the Federal Trade Commission's Staff Commentary lacks substantive precedential esteem it is persuasive in that it provides an explanation of the phrase "reasonable procedures.

26. As stated by the Honorable Judge William R. Sawyer of the United States Bankruptcy Court of the Middle District of Alabama, "[t]he sheer number of . . . cases [filed for a creditor's failure and/or refusal to update a discharged debtor's credit reports] may

suggest that some creditors are systematically taking such action in an effort to diminish the value of a discharge in bankruptcy."[2]

27. Defendants have a policy to "park" their accounts on at least one of Plaintiffs' credit reports. This industry-specific term refers to keeping a false balance on the credit report so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

28. Defendant has furnished information regarding the Plaintiff, a consumer, to one or more of the CRAs, when they had reason to know the information was inaccurate.

29. Defendant furnished this information to the CRAs after being notified by the Plaintiff that the information is inaccurate, and the information is, in fact, inaccurate.

30. Defendants know that "parking" balances, to intentionally and maliciously coerce consumers into paying discharged debts, will lead to the publication of false and defamatory information every time Plaintiff's credit reports are accessed. Because Plaintiff's credit reports have been accessed since the discharge, such false information has been published to third parties.

31. The foregoing acts and omissions were undertaken by Defendant willfully, intentionally, and knowingly as part of its routine credit reporting and/or credit furnishing business, and in gross reckless disregard of the rights of Plaintiff.

32. Plaintiff has suffered injury to his credit report, has been turned down for credit and/or has had to accept less favorably financing terms and rates than he would have if Defendants had not inaccurately reported Plaintiff's credit history.

## COUNT TWO

---

[2] In re Norma, 2006 WL 2818814 (Bankr. M.D. Ala. September 29, 2006).

## DEFENDANT FPB
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

33. Plaintiff incorporates herein by reference paragraphs one (1) through thirty-seven (33).

34. Defendant attempted to collect a consumer debt allegedly owed by Plaintiff and the obligation required Plaintiff to pay money arising out of transactions for personal, family, and household purposes. More specifically, Defendant violated the FDCPA by taking one or more of the following actions against Plaintiff:

    a. Attempting to collect a debt by reporting and/or allegedly verifying a balance within the "Collections Account" section of at least one of Plaintiff's credit reports when there is no legal right to collect the discharged debt;

    b. Taking illegal actions against Plaintiff;

    c. Refusing to properly update Plaintiff's accounts;

    d. Failing to show the accounts as being "disputed" by Plaintiff; and

    e. Reporting the invalid debt on Plaintiff's credit reports.

35. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine debt collection business and/or in gross reckless disregard for Plaintiff's rights.

36. Plaintiff has suffered injury to his credit report, has been turned down for credit and/or has had to accept less favorably financing terms and rates than he would have if Defendants had not inaccurately reported Plaintiff's credit history.

37. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees under 15 U.S.C. § 1692k, civil liability [Section 813 of Pub. Law].

### COUNT THREE
### DEFENDANT FPB
### WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION
### ATTEMPTING TO COLLECT A DISCHARGED DEBT

38. Plaintiff incorporates herein by reference paragraphs one (1) through forty-two (38).

39. Defendant has willfully violated the Chapter 7 discharge injunction by attempting to collect a debt that arose prior to and was discharged in Plaintiff's bankruptcy case. More specifically, Defendant assigned, cosigned, or otherwise transferred for the purpose of collection a discharged account subsequent to receiving notice of its discharge.

40. Because Defendant obtained knowledge of Plaintiff's bankruptcy discharge on at least two occasions, i.e., receipt of the BNC Certificate of Service– Meeting of the Creditors and the BNC Certificate of Service– Order of Discharge, Defendant has willfully violated the Chapter 7 bankruptcy injunction. Despite such knowledge, Defendant continues its collection efforts upon the discharged debt.

41. As a result thereof, Plaintiff has suffered damages including, but not limited to, stress, emotional distress, anxiety, nervousness and mental anguish.

42. Accordingly, Defendant should be held in contempt and are liable to Plaintiff for actual, compensatory and punitive damages, and costs and attorney's fees.

### COUNT FOUR
### DEFENDANTS FPB
### WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION
### CONTINUING TO REPORT DISCHARGED DEBTS ON PLAINTIFF'S CREDIT REPORTS

43. Plaintiff incorporates paragraphs one (1) through forty-two (42) as if fully state herein.

44. Defendant willfully violated the Chapter 7 discharge injunction by reporting to one or more credit reporting agencies, subsequent to its knowledge of the discharge, that the discharged debt had a balance due and owing to Defendant.

45. It is standard protocol in the credit reporting industry that accounts discharged in bankruptcy should be reported as such with a zero balance. The Federal Trade Commission's commentary on the Fair Credit Reporting Act directs that debts discharged in bankruptcy be reported with a zero balance to reflect that the consumer is no longer personally liable for the discharged debt.

46. Because Defendant obtained knowledge of Plaintiff's bankruptcy discharge on at least two occasions, i.e., the BNC – Meeting of the Creditors and the BNC – Discharge, Defendant has willfully violated the Chapter 7 bankruptcy injunction. Despite such knowledge, Defendant continues its collection efforts upon the discharged debt.

47. Defendants' acts of refusing to update Plaintiff's credit reports to show a zero balance after the Bankruptcy discharge violate the discharge injunction.

48. Defendant's actions of refusing to update Plaintiff's credit reports were designed to coerce payment of the discharged debt.

49. Plaintiff has suffered injury to her credit report, has been turned down for credit and/or has had to accept less favorably financing terms and rates than she would have if Defendants had not inaccurately reported Plaintiff's credit history.

50. As a result thereof, Plaintiff has suffered damages including, but not limited to, stress, emotional distress, anxiety, nervousness and mental anguish.

51. Accordingly, Defendants should be held in contempt and are liable to Plaintiff for actual, compensatory and punitive damages, and costs and attorney's fees.

### COUNT FIVE
### DEFENDANT FPB
### NEGLIGENT, RECKLESS AND WANTON CONDUCT

52. Plaintiff incorporates herein by reference paragraphs one (1) through forty-two (42).

53. Defendant's acts, as described herein, were done so negligently and without care or concern for the well-being of Plaintiff.

54. Plaintiff has suffered injury to his credit report, has been turned down for credit and/or has had to accept less favorably financing terms and rates than he would have if Defendant had not inaccurately reported Plaintiff's credit history.

55. As a proximate consequence of Defendant's negligence, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendant are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

### COUNT SIX
### ALL DEFENDANTS
### INVASION OF PRIVACY

56. Plaintiff incorporates by reference herein paragraphs one (1) through fifty-one (51).

57. Defendants' conduct, as described herein, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

58. Defendants' actions were done maliciously, without privilege, and with a willful intent to injury Plaintiff.

59. Plaintiff has suffered injury to his credit report, has been turned down for credit and/or has had to accept less favorably financing terms and rates than he would have if Defendants had not inaccurately reported Plaintiff's credit history.

60. As a proximate consequence of Defendants' invasion of Plaintiff's privacy, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to

Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

### COUNT SEVEN
### ALL DEFENDANTS
### DEFAMATION

61. Plaintiff incorporates by reference herein paragraphs one (1) through fifty-six (56).

62. Defendant published false information about Plaintiff by reporting to one or more of the CRAs, or other third parties, either a false account or balance.

63. Likewise, Defendant published false information about Plaintiff each time Plaintiff's credit reports were accessed – which was the result intended by Defendant.

64. The publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

65. Plaintiff has suffered injury to her credit report, has been turned down for credit and/or has had to accept less favorably financing terms and rates than she would have if Defendant had not inaccurately reported Plaintiff's credit history.

66. As a proximate consequence of Defendant's false reporting or publishing, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendant is liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

### COUNT EIGHT
### DEFENDANT FPB
### INTENTIONAL MISREPRESENTATION

67. Plaintiff incorporates by reference herein paragraphs one (1) through sixty-two (62).

68. Defendant intentionally, maliciously, recklessly and/or negligently misrepresented material facts in that they falsely represented to others that Plaintiff owes money to that Defendant.

69. Defendant intends that those who review the credit reports of Plaintiff will rely upon the misrepresentations and suppressions of material fact related to the balance owed and the lack of indication that the account was discharged in bankruptcy.

70. Defendant intended that the justifiable and reasonable reliance by others would adversely affect Plaintiff.

71. Plaintiff has suffered injury to his credit report, has been turned down for credit and/or has had to accept less favorably financing terms and rates than he would have if Defendant had not inaccurately reported Plaintiff's credit history.

72. As a proximate consequence of Defendant's intentional misrepresentation, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendant is liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT NINE
## DEFENDANT FPB
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

73. Plaintiff incorporates by reference herein paragraphs one (1) through sixty-eight (68).

74. Defendant's conduct, as described herein, was reckless and/or intentional, and performed with disregard for the rights of Plaintiff.

75. Plaintiff has suffered injury to his credit report, has been turned down for credit and/or has had to accept less favorably financing terms and rates than he would have if Defendant had not inaccurately reported Plaintiff's credit history.

76. As a proximate consequence of Defendant's extreme and outrageous conduct, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendant is liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount to be determined by the jury impaneled to hear this case as compensatory and punitive damages, plus interests and costs as well as any other remedy allowed by law.  Plaintiff also requests this Court, on the jury returning a verdict for the Plaintiff, to assess an attorney fee to be awarded to Plaintiff's attorney.

### PRAYER FOR RELIEF

**WHEREFORE, THE ABOVE PREMISES CONSIDERED,** Plaintiff respectfully prays that judgment be entered against each and every Defendant, jointly and severally, by this Court for the following:

a) Award Plaintiff actual damages;

b) Award Plaintiff punitive damages;

c) Award Plaintiff statutory damages where applicable;

d) Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment;

e) Award Plaintiff reasonable attorney's fees and costs of this litigation; and

f) Grant such other and further relief as this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED** this the 28th day of May 2010.

/s/ Bradford J. Griffin
Bradford J. Griffin (GRI083)
*Attorney for Plaintiff*

**VICKERS & WHITE, PLLC**
428 South Lawrence Street
Montgomery, AL 36111
Telephone: (334) 269-1192
Facsimile: (334) 239-7408
bgriffin@vickersandwhitelaw.com

**THE DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

FIRST PREMIER BANK
c/o Dana J. Dykhouse
601 S. Minnesota Avenue
Sioux Falls, SD 57104-4824

TRANS UNION, LLC
c/o Prentice-Hall Corporation System, Inc.
150 South Perry Street
Montgomery, AL 36104